**Ex parte C.L. HARRIS, Appellant.**

**No. 3-87-116-CR.**

Court of Appeals of Texas,
Austin.

July 13, 1987.

Roy E. Greenwood, Austin, for appellant.

Ronald Earle, Dist. Atty., Claire Dawson-Brown, Asst. Dist. Atty., Austin, for State.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

PER CURIAM.

This is an appeal from an order of the district court, entered following a hearing on appellant's writ of habeas corpus, refusing appellant's request for a reduction of bail pending appeal. Tex.Code Cr.P. Ann. art. 44.04(g) (Supp.1987). Appellant is presently incarcerated following his conviction by a jury for the offense of driving while intoxicated, third offense, for which the jury assessed punishment at imprisonment for four years and a $1,000 fine. Tex.Rev.Civ.Stat.Ann. art. 6701$l$–1 (Supp. 1987).

Prior to trial, appellant had been released on a $5,000 personal bond. Following his conviction and sentencing, the district court set bail pending appeal at $50,000, cash or surety bond.

Appellant is 58 years old, and suffers from a disability for which he receives regular medical care. Appellant is a life-long resident of Travis County and has no family other than a sister who also resides in Travis County.

Appellant has a monthly gross income of approximately $1,860, derived in part from a disability pension of $713 per month. Appellant has fixed monthly expenses of approximately $1,150. Appellant owns undeveloped lots at Granite Shoals and Lago Vista, and five undeveloped acres at Herner's Bend. Appellant also owns one rent house from which he receives $325 per month. Appellant also owns eight to ten automobiles, but they are "not licensed or anything" and their value does not appear in the record. Appellant has set aside $1,100 for the purpose of bail pending appeal, but testified that he cannot afford a $50,000 surety bond.

Appellant has a long record of alcohol-related convictions, primarily for driving while intoxicated, dating back to 1951. Appellant testified, and the State conceded at the hearing, that he has never failed to make a court appearance. Following a previous felony conviction for driving while intoxicated, appellant was twice placed on probation which was subsequently revoked when appellant was again arrested for driving while intoxicated.

The primary purpose of bail is to secure the presence of the defendant. *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr. App.1977). While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. Tex.Code Cr.P.Ann. art. 17.15 (Supp.1987); Ex parte *Vasquez, supra.* Among the factors considered relevant in setting the amount of bail pending appeal are: the nature of the offense and the punishment assessed; the defendant's work record, family ties, and length of residency; the defendant's ability to make the bail; and the defendant's conformity with previous bond conditions. *Ex parte Davila*, 623 S.W.2d 408 (Tex.Cr.App.1981).

The burden of proof is on the petitioner for reduction of bail to show that the bail set is excessive. Ex parte *Vasquez, supra.* In this connection, the State argues that appellant has failed to prove his inability to make bail in the amount set. The State points to the fact that there is no evidence that appellant has attempted to sell or borrow against his real or personal property, or to borrow money from his sister. Nevertheless, appellant did testify that he is unable to make bail in the amount set. Further, the ability to make bail is but one factor to be considered, and does not alone control the amount of bail. *Ex parte Gentry*, 615 S.W.2d 228 (Tex.Cr. App.1981); *Ex parte Charlesworth*, 600 S.W.2d 316 (Tex.Cr.App.1980).

The State's primary argument is that the district court did not abuse its discretion in setting bail at $50,000 because there is evidence which would have justified the

denial of bail pursuant to art. 44.04(c).[1] The State points to testimony that on two occasions appellant violated the terms of probation by committing the offense of driving while intoxicated, and urges that this would have justified a finding by the trial court that appellant is likely to commit another offense while on bail. *See Putnam v. State*, 582 S.W.2d 146 (Tex.Cr.App. 1979); *Yates v. State*, 679 S.W.2d 538 (Tex. App.1984, pet. ref'd).[2] The record reflects that it was on precisely this basis that the district court, at the State's urging, refused to reduce the amount of bail:

[Prosecutor]: Your Honor, Art. 44.04 of the Code of Criminal Procedure sets out the bond on appeals. Under that section the Court can even deny bail and commit the defendant to custody if the sentence is less than 15 years if he has good cause to believe that the defendant would not appear. It appears that Mr. Harris does make his court appearances.

But also if the Court has good cause to believe that the defendant is likely to commit another offense while out on bail. I believe that the criminal history that Mr. Harris has admitted to would prove to the Court beyond a reasonable doubt that he is likely to commit another offense.

.     .     .     .     .

I think the Court it [sic] wise in setting a very high bond in this case to keep him from going out and committing another offense, and the Court has good cause to believe that it's likely he would do that.

.     .     .     .     .

THE COURT: I think because of his bad record, I just wouldn't feel right in lowering the bond any. I'd hate to put that upon the citizens of Travis County.

Maybe the Court of Appeals will, but at least that won't be on my back.

I just feel a duty to the community to protect the community. If he'd get out and kill someone, I'd never get over it. I'd rather see him in jail than to see someone's life taken, so I'm going to deny the writ and let you go on up to the Court of Appeals and see what they do about it. I just wouldn't feel right with this horrible record.

█ It is clear that the district court's refusal to reduce bail was not based on a determination that $50,000 bail is necessary to assure appellant's presence should his conviction be affirmed, nor was it based on a finding that appellant had not made an adequate effort to make bail in the amount set. Rather, the district court continued bail at $50,000 on the obvious assumption that appellant could not afford bail in that amount and for the express purpose of forcing appellant to remain incarcerated pending appeal. It is the opinion of this Court that this action constituted an abuse of the district court's discretion.

Even if the State is correct in its assertion that the district court would have been justified in denying appellant bail on appeal on the ground that he is likely to commit another offense, a question this Court does not decide, the district court did not choose to so exercise its discretion. Rather, the district court elected to set bail, but in an amount calculated to be beyond appellant's means and to assure appellant's continued incarceration. The district court, by so doing, used bail as an instrument of oppression in violation of the constitution and statutes of this State. Tex. Const.Ann. art. I, § 13 (1984); Tex.Code Cr.P.Ann. arts. 17.15 and 44.04, *supra*.

1. Article 44.04(c) provides:

Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section (where the punishment does not exceed 15 years confinement), the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

2. The State concedes there is no cause to believe appellant would not appear when his conviction becomes final.

715

The statutory authority to deny bail pending appeal in certain cases does not carry with it the authority to set excessive bail in such cases. Having decided to admit appellant to bail, the district court was obligated to set bail in a reasonable amount. Upon consideration of the factors previously discussed, this Court finds $10,-000 to be a reasonable bail.

The order of the district court refusing appellant's request for a reduction of bail pending appeal is reversed. The amount of bail is ordered fixed at $10,000, and the cause is remanded to the district court for further proceedings. No motion for rehearing will be entertained.

BRADY, J., not participating.