IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-175-CR




EX PARTE: XAVIER CAMPBELL,



 APPELLANT




 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,207, HONORABLE CHARLES E. LANCE, JUDGE


 





PER CURIAM

 This is an appeal from an order of the district court, entered following a hearing
on appellant's writ of habeas corpus, refusing appellant's request for a reduction in the amount
of pretrial bail. Appellant is incarcerated in the Milam County jail awaiting trial on an indictment
accusing him of possessing less than 28 grams of cocaine. Bail in this cause is presently set at
$100,000.

 At the time of his arrest for this offense, appellant was free on bond in another case
in which he is charged with possession of cocaine. Bail in that case was set at $25,000. 
Appellant was also on bond in four misdemeanor cases: one for possession of marihuana ($2000
bail) and three for evading arrest ($2000 bail in two, $5000 in the third). 

 Appellant is eighteen years old and a resident of Cameron. When not incarcerated,
he lives part of the time with his grandparents and the remainder with his mother. Neither
appellant nor his mother testified at the hearing.

 Appellant's grandmother, Dorothy Smith, testified that appellant has no money or
assets. Appellant's grandparents have an income of approximately $1000 per month. Smith
testified that she purchased the bonds in appellant's other cases, and was presently paying the
surety $300 per month. She testified that she could not afford to pay $10,000 for a $100,000
bond, but acknowledged that she could continue to make monthly payments in the present amount.

 The surety, Erma Taylor, testified that she was not prepared to write a $100,000
bond for appellant. In Taylor's opinion, based on her knowledge of Smith's financial situation,
Smith could not afford to pay for a bond in that amount. Taylor stated that she would be willing
to write a bond for no more than $15,000. At the time of the hearing, Smith still owed Taylor
$1600 for the other bonds. According to Taylor, Smith generally paid her only $100 per month.

 The district court stated that its refusal to order bail reduced was based on the
applicable law and appellant's "track record." The court stated, "I reduced the bond last time
when you were up on possession of cocaine. To say that you are a disappointment is an
understatement."

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. Although bail must be set sufficiently high to give reasonable assurance
that the undertaking will be complied with, the power to require bail is not to be used so as to
make it an instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (Supp. 1992). 
Among the factors to be considered in setting bail are the nature of the offense and the
circumstances under which it was committed, and the ability of the defendant to make bail. Id. 
The ability of the accused to make bail, however, does not of itself control the amount of bail. 
Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981).

 This Court accords great deference to trial courts in the matter of bail, but we
conclude that the district court abused its discretion in this cause. That court, when appellant was
previously arrested for possession of cocaine, saw fit to set bail at $25,000. There is nothing in
the record to show a change of circumstances sufficient to warrant a quadrupling of the amount
of bail in this cause. The district court was understandably and justifiably angered by appellant's
alleged repeated criminal behavior. But the State did not request that bail be denied in the present
cause pursuant to Tex. Const. art. I, § 11a, and it is not proper to set bail in an amount calculated
to be more than the accused can afford in order to guarantee his continued incarceration. See Ex
parte Harris, 733 S.W.2d 712, 714 (Tex. App. 1987, no pet.)


 The order of the district court denying relief is reversed, bail is ordered set at
$25,000, and the cause is remanded to the district court for further proceedings. No motion for
rehearing will be entertained.


[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

Reversed and Remanded; Bail set at $25,000

Filed: July 1, 1992

[Do Not Publish]