Threadgill v. State 

















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-245-CR

Â Â Â Â Â DONALD ONEAL THREADGILL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law
Johnson County, Texas
Trial Court # M93-01853
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Donald Oneal Threadgill attempts an appeal from a speeding conviction affirmed de novo by
the Johnson County Court at Law No. 2. Threadgill was ordered to pay a $26 fine and court
costs.
Â Â Â Â Â Â Threadgill has filed numerous documents and briefs in this court contesting jurisdiction of the
court and demanding dismissal. His pleas for dismissal are granted and the attempted appeal is
dismissed. Tex. R. App. P. 72.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed
Opinion delivered and filed January 26, 1994
Do not publish 



nt:-.5in'>5. The future safety of a victim of the
alleged offense and the community shall be considered.

Â 

Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005).

Â 

   Other pertinent factors include family
and community ties, work history, length of residence in the county, prior
criminal record, conformity with conditions of prior bonds, and any aggravating
circumstances of the offense.Â  Rubac, 611 S.W.2d at 849-50; Davis,
147 S.W.3d at 548.Â  We will review the trial courtÂs decision in light of the
above factors.

Â Â Â Â Â Â Â Â Â Â Â  Â[B]ail should be set high enough to
give reasonable assurance that the defendant will appear at trial.ÂÂ  Ex
parte McCullough, 993 S.W.2d 836, 837 (Tex. App.ÂWaco 1999, no pet.)
(quoting Ex parte Brown, 959 S.W.2d 369, 371 (Tex. App.ÂFort Worth 1998,
no pet.)).Â  A defendantÂs ties to the community and work history bear on the
adequacy of bail to give reasonable assurance he will appear.Â  See
McCullough, 993 S.W.2d at 837-38.Â  Rojas, age 19, lives in Tarrant County (in Fort Worth) and had recently gotten out of high school in Tarrant County.Â  He had moved out of his parentsÂ home three to four months before the alleged
offenses occurred and was living in a Fort Worth duplex at the time of the
offense.Â  He had been employed at a Fort Worth restaurant.Â  If Rojas were
released on bond, he would live with his parents and try to get his job back.Â 
His 18-year-old girlfriend is due to have their baby in October.Â  Rojas and his
parents testified that they could come up with enough money to afford a bail
bond around $50,000.

Bail set in a particular amount becomes
ÂoppressiveÂ when it is Âbased on the Âassumption that [the accused cannot]
afford bail in that amount and for the express purpose of forcing [the accused]
to remain incarcerated pending [trial].ÂÂ Â McCullough, 993 S.W.2d at 837
(quoting Ex parte Harris, 733 S.W.2d 712, 714 (Tex. App.ÂAustin 1987, no
pet.)).Â  The record contains nothing to indicate that the trial court rendered
its decision on this basis, especially with the trial court having reduced bail
from $1 million to $500,000.

Rojas is accused of planning to and committing an
armed robbery of a GameStop store in Burleson (in Johnson County) with two
others, shooting a store clerk, and shooting at a police officer responding to
the robbery.Â  Rojas is alleged to have been the gunman, and the other two have
bonds set at $250,000.Â  In considering the nature of the offense and the
circumstances under which it was committed, appellate courts have looked to
bond amounts in other cases.Â  See Ex parte Emery, 970 S.W.2d 144, 145-46
(Tex. App.ÂWaco 1998, no pet.).Â  At the hearing, RojasÂs attorney argued that
he was familiar with three Johnson County homicide cases where bail was
substantially lower, but the prosecutor was able to distinguish them from
RojasÂs case.Â  On appeal, the State points to our decision in Ex parte
Davis, 147 S.W.3d 546, where we held that $1 million bail was excessive for
murder defendants and reduced bail to $750,000 and $500,000.

The State asserts that the premeditated armed
robbery in which Rojas crossed county lines and the alleged shooting of the
clerk and at the officer warrant high bail.Â  Each of the three felonies that
Rojas is accused of carries a potential maximum sentence of life imprisonment. Â The
violent nature of the alleged offenses does suggest that a high bail amount is
appropriate.Â  Also, there was testimony that Rojas has three cases pending
against him in Tarrant County.

Â Â Â Â Â Â Â Â Â Â Â  Although a defendantÂs ability to make
bail is a factor for consideration, inability to make bail, even to the point
of indigence, does not control over the other factors.Â  Ex parte
Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); Davis, 147 S.W.3d at 548.Â  Rojas and his family could pay for a $50,000 bond.

Â Â Â Â Â Â Â Â Â Â Â  After considering the factors of
article 17.15 and the record before us, while we consider bail of $500,000 in
this case to be unusually high, we cannot say the trial court abused its
discretion in reducing RojasÂs bail to $500,000 and refusing to reduce it to $50,000.Â 
See McCullough, 993 S.W.2d at 839.Â  Accordingly, we overrule his sole
issue and affirm the trial courtÂs ruling.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment of the
Court, which affirms the trial courtÂs determination of the amount set for
bail.Â  Chief Justice Gray does not, however, join the CourtÂs opinion but will
not issue a separate opinion.)

Affirmed

Opinion
delivered and filed October 3, 2007

Do
not publish

[CR25]








Â