

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00032-CR

JONATHAN ALI CHTAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 22,940

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In 2005, Johnathan Ali Chtay pled guilty to the offense of theft of property valued at $20,000.00 or more but less than $100,000.00. Pursuant to a plea agreement, Chtay was placed on deferred adjudication community supervision for a period of ten years. On December 4, 2013, Chtay's guilt was adjudicated, and he was sentenced to seven years' imprisonment. The trial court set Chtay's bond pending appeal at $75,000.00.[1] In this case,[2] Chtay appeals the trial court's refusal to (1) further reduce the amount of his appellate bond and (2) amend the conditions of his existing bond.[3] We affirm the trial court's judgment.

Chtay admitted that he could make one $75,000.00 surety bond. However, according to Chtay, the trial court should have further lowered the bond amount in this case because it also set a $75,000.00 bond pending appeal in a companion case on the same date. Chtay further contends that he cannot afford to make bond payments totaling $150,000.00. Due to the nature

---

[1]The trial court initially set Chtay's bond pending appeal in this case at $350,000.00. While this appeal was pending, the trial court entered an order under authority of Article 44.04(c) reducing Chtay's bond to $75,000.00 cash or surety.

[2]Chtay pled guilty in 2005 to two separate charges misapplication of trust fund money and theft of property valued at $20,000 or more but less than $100,000.00. On December 4, his deferred adjudication community supervision was revoked, and he was adjudicated guilty, under separate cause numbers, of both charges. He has appealed from the trial court's decision to revoke his community supervision and proceed to adjudication in the misapplication of trust fund money case under our cause number 06-14-00018-CR and in the theft of property case under our cause number 06-14-00019-CR. Both of these matters are currently pending before this Court. In addition, Chtay has appealed from the trial court's decisions regarding his bond pending appeal in each of these matters. This opinion resolves Chtay's bond appeal related to the theft of property case, and his bond appeal related to the misapplication of trust fund money case is disposed of by our contemporaneously issued opinion in our cause number 06-14-00031-CR.

[3]In cases in which the assessed punishment for a felony conviction is less than ten years, the trial court has discretion to impose reasonable conditions on bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West 2006). However, the trial court does not have "the authority to set excessive bail." *Ex parte Harris*, 733 S.W.2d 712, 715 (Tex. App.—Austin 1987, no pet.) (per curiam).

of Chtay's argument, we addressed the merits of Chtay's complaints in the companion case referenced in our opinion of this date in case number 06-14-00031-CR. For the reasons stated in that opinion, we likewise find no abuse of discretion in the trial court's decision to set the bond amount in this case at $75,000.00 cash or surety, even though it had set another $75,000.00 bond in the companion case.

Next, Chtay appeals the trial court's refusal to amend the conditions of the appellate bond requiring him to (1) remain in Hunt County and not leave Hunt County without written permission from the court, (2) wear a SCRAM device on his leg at all times after release from jail, and (3) refrain from directly communicating with Sherrie Gibbs, the mother of his child.[4] A trial court may impose reasonable conditions on bail pending appeal. TEX. CODE CRIM. PROC. ANN. art. 44.04(c). Chtay was an oilfield operations manager. In an affidavit filed with the trial court, Chtay averred (1) that his permanent place of residence was in Montgomery County, Texas, (2) that his employer, HDD Rotary Sales, LLC, was located both in Montgomery County and in Conroe, Texas, and (3) that his employment as an oilfield operations manager required him to travel outside of Texas and "as far away as North Dakota." Chtay argued and had the burden to show that the conditions were unreasonable (1) due to the travel required by his employment and (2) because the restriction from Gibbs would prevent him from having a relationship with his child.[5]

---

[4]We note that the State's motion to proceed to adjudication alleged that Chtay caused bodily injury to Gibbs, the mother of his seventeen-month-old daughter, when he hit "her with the back of his right hand across the left side of her face."

[5]"[T]he statutes treat conditions on pre-trial bond differently from conditions on bail pending appeal. A condition of pre-trial bond must meet three standards: Not only must it be 'reasonable,' but it also must be to 'secure a

The record in this case demonstrates that Chtay travelled often for work, had an out-of-state residence, and did not appear to have significant community ties to Hunt County. In setting Chtay's bond condition, the trial court expressed its apprehension that Chtay might be tempted to abscond. The history of the case supports the trial court's apprehension.

On April 29, 2009, Chtay was granted permission to move outside of the jurisdiction of Hunt County to Montgomery County, Texas, provided that he maintain contact with his Hunt County Community Supervision Officer (CSO) and report to the CSO in person when requested. On November 17, 2009, Chtay's CSO reported the following:

> **Fail to Change Address On Driver's License, Violate Promise to Appear & Failure to Appear, The defendant has 4 warrants in Colleyville for offenses . . . . The defendant was instructed to return to the Hunt County CSCD on 10/30/2009 to make a payment and bring in employment verification, the defendant failed to do so.**

On October 22, 2010, Chtay's CSO reported that Chtay, in violation of the seventh term of his community supervision, again failed to report a change of address. The report further indicated that the CSO could not verify the address of his residence. On November 9, 2010, the trial court amended Chtay's conditions of community supervision and (1) required him to maintain a verifiable residence in Hunt County, (2) required him to report to the Hunt County community supervision office as required by the CSO, and (3) prohibited him from leaving Hunt County without obtaining prior written permission from his CSO.

---

defendant's attendance at trial,' and also be related to the safety of the alleged victim or the community. The latter two standards were not imposed on the trial court's conditions of bail pending appeal, which must only be 'reasonable.'" *Ex parte Anderer*, 61 S.W.3d 398, 401–02 (Tex. Crim. App. 2001).

On October 25, 2013, the State filed a motion to proceed to adjudication. On November 25, 2013, Chtay apprised the trial court that "his bank is in Rockwall. His family lives in Dallas. He has a job in Conroe that he works at and travels." At the hearing on the motion to proceed to adjudication, Gibbs, testified that Chtay had a residence in Montgomery County and in North Dakota. According to Gibbs, Chtay claimed his late grandfather's recreational vehicle (RV) as his required Hunt County residence. Gibbs testified that they stayed in the RV one or two times a month "when [Chtay] would come back to report for probation." Gibbs could not remember the name of the park where the RV was located.

At the hearing on the State's motion to proceed to adjudication, Chtay told the trial court that his residence was in Hunt County and showed the court his driver's license, which contained a Hunt County address. However, Chtay (1) asked at the first bond hearing that he be allowed to live in Montgomery County and, (2) at the second bond hearing, admitted that his residence during the first bond hearing was in Montgomery County.

The trial court's bond conditions must be reasonable. The trial court's interest in securing Chtay's presence after his conviction became final was paramount, and the first two bond conditions speak directly to that interest. In fact, whether as a previous condition of his community supervision or as a condition of a prior bond in this case, the trial court had typically required Chtay to obtain permission prior to leaving Hunt County.[6] At the revocation hearing, Kristina Stinnett, Chtay's CSO, testified that Chtay had always complied with the trial court's

[6]On November 22, 2010 the trial court entered an order allowing Chtay to travel outside of the State for work conditioned that he provide (1) proof of the assignment on company letterhead, (2) a travel schedule to the CSO at least three days before the trip, (3) the address of his accommodations, and (4) telephone numbers of those who could confirm his whereabouts.

requirement that he obtain permission to travel. Chtay's appellate brief confirms that, for several years, he "never travelled anywhere or stayed anywhere other than Hunt County . . . with[out] the trial court's permission." Also, since October 31, 2013, Chtay has been required to wear "a properly functioning ankle monitor . . . at all times that reports to a monitor his GPS location at all times." Again, Chtay's appellate brief confirms his ability to comply with a the second bond condition.

Chtay presents no successful argument why the first two conditions of his bond are oppressive or unreasonable. Instead, Chtay has shown that he was previously able to comply with such conditions, which were crafted to ensure Chtay's return in the event his conviction becomes final. Moreover, Chtay would still be able to travel for work while complying with the bond requirements. We conclude that Chtay has failed to show that the first two bond conditions are unreasonable in light of his lack of ties to Hunt County.

Also, the trial court's decision to adjudicate Chtay's guilt was based on the court's finding that Chtay had assaulted Gibbs. Thus, we find that the trial court's imposition of a bond condition requiring Chtay to refrain from directly contacting Gibbs was a reasonable response to its concern for Gibbs' safety. Therefore, we cannot say that the trial court abused its discretion in establishing the third condition of Chtay's appellate bond.[7]

---

[7]Chtay argues that this condition is unreasonable only because it prevents him from seeing his daughter. However, (1) the trial court's order places no restriction on Chtay's ability to see his daughter, (2) the trial court allowed indirect communication with Gibbs, and (3) Chtay introduced no evidence demonstrating that his relationship with his daughter could not be secured through use of intermediaries.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: May 20, 2014
Date Decided: July 22, 2014

Do Not Publish