In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00522-CR
_____


EX PARTE RODARRION D. ARMSTRONG

_____

On Appeal from the 1A Judicial District Court
Jasper County, Texas
Trial Cause No. 12170JD

_____

**MEMORANDUM OPINION**

Appellant Rodarrion D. Armstrong (appellant or Armstrong) appeals the denial of his pretrial habeas corpus application requesting bail reduction. We affirm.

BACKGROUND

According to appellant's brief,[1] Jasper City Police responded to a call about a shooting, where they found the victim, Obrien Parks (Obrien), suffering from a

_____

[1]This matter involves a pretrial issue and therefore, solely for purposes of our review on this matter, any references to the underlying facts of the alleged

1

gunshot wound. Witnesses allege that Armstrong, an eighteen-year-old male, and Obrien had a disagreement earlier that day, and Armstrong confronted Obrien at Obrien's residence. Obrien allegedly displayed a firearm at Armstrong, and Armstrong left. Later, Armstrong returned to the victim's residence, where Obrien pointed the firearm out the window at Armstrong. Armstrong then retrieved a shotgun from a vehicle and fired one shot at Obrien, striking Obrien in the face and chest. Obrien was later pronounced dead on arrival at the hospital. Armstrong was arrested and indicted for first-degree felony murder. *See* Tex. Penal Code Ann. §19.02(b), (c) (West 2011).

The trial court originally set bail at one million dollars. Armstrong filed a Motion to Set Reasonable Bail. After a hearing on the motion, the trial court reduced Armstrong's bond to eight hundred thousand dollars. Armstrong then filed an Application for a Writ of Habeas Corpus Seeking a Reasonable Bond.

At the habeas hearing, Armstrong testified that he was incarcerated in the Jasper County Jail and that he had no means to secure an $800,000 bond or a loan. He testified that his family members do not have any money, they have not visited him in jail, and he is not going to get any help from his family. According to Armstrong's testimony, he has lived in Jasper all his life, and if he were to make

_____
offense as stated in this Memorandum Opinion will be taken from Armstrong's brief on appeal.

2

bond, the only place he could go would be his aunt's home in Jasper. However, Armstrong also testified that his mother lives in Harris County. The trial court gave the State "a little latitude" in cross-examining Armstrong regarding the facts of the offense and instructed the State, "Don't get too much into the facts of the case." Nevertheless, the parties agreed on the record that Armstrong was under indictment for murder. The trial court denied Armstrong's request to reduce bail. The trial court continued Armstrong's bond at eight hundred thousand dollars. On appeal, Armstrong argues the bail is excessive under the Texas Code of Criminal Procedure and the United States and Texas Constitutions.[2]

## REVIEW OF TRIAL COURT'S SETTING OF BAIL

We review a trial court's ruling on the setting of bail under an abuse of discretion standard of review. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005) (affording a trial court discretion to set bail); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). The defendant has the burden to show the bail set by the trial court is excessive. *Ex parte Rodriguez*. 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). The trial court's ruling will not be disturbed if it is within the zone of reasonable disagreement. *Clemons v. State*, 220

---

[2]The record includes limited information regarding the circumstances under which the alleged offense occurred, and there is no evidence in the record before us as to whether Armstrong had a prior criminal record, whether he had a prior work history, or if there were any previous and outstanding bail amounts.

S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). The United States and Texas Constitutions prohibit excessive bail. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. Additionally, the Code of Criminal Procedure sets forth rules for the trial court in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15. Other factors that may be considered in determining the amount of bail include family and community ties, length of residency, aggravating factors involved in the offense, the defendant's work history, the defendant's prior criminal record, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d at 849.

An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez*, 595 S.W.2d at 550. The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The right to a reasonable bail is protected by the United States and Texas Constitutions. *Ex parte Sabur-Smith*, 73 S.W.3d 436, 439 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Bail is excessive if it is "set in an amount greater than [what] is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd) (citing *United*

*States v. Salerno*, 481 U.S. 739, 753-54 (1987)). When setting the amount of bail, the trial court weighs the State's interest in assuring the defendant's appearance at trial against the defendant's presumption of innocence. *Id.* The amount of bail may be deemed oppressive when the trial court sets the bail at an amount "for the express purpose of forcing [a defendant] to remain incarcerated." *Ex parte Harris,* 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

ANALYSIS

To determine whether the trial court abused its discretion, we consider the rules found in article 17.15 of the Code of Criminal Procedure as well as the factors set out in *Rubac*. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849. The habeas applicant has the burden to establish that the bail is excessive. *Montalvo v. State*, 315 S.W.3d 588, 592-93 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. *Ex parte Rodriguez*, 595 S.W.2d at 550. The amount of bail must be high enough to give reasonable assurance that the accused will appear, but the power to require bail should not be used as an instrument of oppression. *Id.*; *Ex parte Ivey*, 594 S.W.2d at 99; *Ex parte Harris*, 733 S.W.2d at 714. According to the record before us, Armstrong did not present

5

any evidence at the habeas hearing that the trial court set bail in his case for the express purpose of forcing him to remain incarcerated. Furthermore, Armstrong presented no evidence about any discussions with bail bondsmen or any evidence about how much Armstrong believes the bail should be or what amount he could satisfy. *Montalvo*, 315 S.W.3d at 595. The trial court could have believed or disbelieved all or part of Armstrong's testimony, and could accord that testimony with the weight the trial court thought the testimony warranted. *See* Tex. Code Crim. Proc. Ann. art. 36.13 (West 2009), art. 38.04 (West 1979); *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996).

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes reasonable bail. Tex. Code Crim. Proc. Ann. art. 17.15(3). In considering the nature of the offense, it is proper to consider the possible punishment. *Ex parte Vasquez*, 558 S.W.2d 477, 479-80 (Tex. Crim. App. 1977). When the nature of the offense is serious, a lengthy prison sentence following a conviction is probable. *Ex parte Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Therefore, the pretrial bail must be set sufficiently high to secure the presence of the accused at trial because the prospect of a lengthy sentence might decrease the chance that the accused will appear. *See id.* at 761.

The record reflects that the State indicted Armstrong for intentionally or knowingly causing the death of Obrien by shooting him with a gun, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(b), (c). According to Armstrong's brief, he shot Obrien once, striking him in the face and chest. As a first-degree felony, the offense carries a sentence of five to ninety-nine years or life imprisonment, and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011). Thus, the record reflects that the nature of the offense is very serious and it carries a possible life sentence.

The ability of an accused to post bail is a factor to be considered, but the inability to make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980); *Golden v. State*, 288 S.W.3d 516, 519 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). This is true even if the accused is determined to be indigent. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

Armstrong presented some evidence that he could not afford to post bail. Although the record reflects that the trial court appointed Armstrong counsel based on his indigence, Armstrong did not present any evidence regarding his attempts to secure bond or his work history. The accused's inability to make bail, even to the point of indigence, does not control over the other factors because if the ability to make bail controlled, then the role of the trial court would be completely

7

eliminated, and the accused would be in the position of determining his own bail. *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd); *Ex parte Parker*, 26 S.W.3d 711, 712 (Tex. App.—Waco 2000, no pet.).

As noted previously, a trial court may also consider the defendant's work history, prior criminal record, his family and community ties, length of residency, aggravating factors in the offense, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d at 849. Armstrong presented no evidence regarding his work history or his prior criminal record, or lack thereof.[3] Although he testified he has lived in Jasper all his life and the only place he could go if released on bond would be his aunt's home in Jasper, Armstrong admitted that none of his family members had visited him while in prison. Therefore, the *Rubac* factors do not weigh in favor of a reduction of his bail.

## CONCLUSION

Armstrong bears the burden of demonstrating that the amount of the bond is excessive. *See Ex parte Rubac*, 611 S.W.2d at 849; *Ex parte Rodriguez*, 595 S.W.2d at 550. Armstrong failed to meet his burden. We cannot say the trial court's denial of Armstrong's application for writ of habeas corpus seeking a bail

---

[3]We note that appellant asserts in his brief that he has no prior criminal history, however such evidence was not presented at the hearing.

reduction was outside the zone of reasonable disagreement. Accordingly, the trial court did not abuse its discretion. We affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 18, 2015
Opinion Delivered April 1, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.