**Affirmed and Memorandum Opinion filed August 4, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00916-CR

## EX PARTE VASTIE SHAKIRA COLEMAN, Appellant

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1426185**

## M E M O R A N D U M   O P I N I O N

Appellant was charged with serious bodily injury to a child, while on deferred adjudication community supervision for the felony offense of theft. Appellant's bond is set at $100,000 in the injury to a child count, and $5,000 in the adjudication of the theft count. Appellant filed a petition for writ of habeas corpus in the trial court in which she requested a reduction in bail to $30,000 in the injury to a child count, but did not argue for a reduction of the $5,000 bond in the adjudication. After conducting an evidentiary hearing, the trial court denied appellant's application, and ordered the bonds to remain the same. We affirm.

BACKGROUND

Appellant is awaiting trial on the offense of injury to a child by striking him with a cord, which occurred while appellant was on deferred adjudication community supervision for the felony offense of theft. Appellant was arrested on July 15, 2012, one day after the injury to her child occurred. Appellant was originally held without bond, but upon application for bond, the trial court set bond at $150,000 with the condition that appellant have no contact with any children unless under the supervision of Child Protective Services. Subsequently, appellant entered into an agreement in which she agreed to a reduced bond of $100,000. On April 23, 2014, appellant filed a petition for writ of habeas corpus seeking reduction of bail to $30,000.

At the hearing on appellant's petition, her husband, Frankie Waters, testified that he was attempting to save enough money to post appellant's bond. He testified that he did not own a house or car, and had no assets through loans, stocks, bonds, or a bank account. Because appellant had been incarcerated since July 15, 2012, she had no assets. Waters asked family and friends to help pay the bond, but they were also unable to help. If the bond were reduced to $30,000, Waters believes he could pay the bond.

On cross-examination, Waters admitted that he knew appellant was charged with beating her four-year-old son, and that he died from the injuries sustained in the beating. The prosecutor asked Waters whether he was aware that "an aggravating factor with the charge that your wife currently has, is that she tied up [the complainant] to the bathroom tube [sic] while she injured him." Waters responded, "Ma'am, I'm not answering that. I plead the fifth."

Following argument of counsel, the trial court found:

Based on the state of the record, and the evidence adduced and arguments of counsel here at this writ hearing, the Court finds that the nature of this offense and the circumstances under which it was committed, extremely violent, and that in the interest of the community safety, and defendant's record of not complying with conditions of community supervision, the aggravating factors in the charged offense, the Court finds that the bonds currently set, $100,000 in this case and 5,000 in the Motion to Adjudicate case, are sufficient — are sufficient amount to protect the interest of the community and guarantee the appearance in court of the defendant in trial, given the nature of the case, weighing the punishment defendant could pose a flight risk.

Appellant appeals the trial court's denial of her application for writ of habeas corpus.

## ANALYSIS

In a single issue, appellant contends the trial court abused its discretion in denying habeas relief. Appellant contends the bail, as reduced, is unreasonable, and the trial court should have reduced it further because appellant cannot meet the bond amount, and the State failed to present any evidence regarding appellant's danger to the community or circumstances surrounding the offense.

## BOND AGREEMENT

The State initially argues that appellant should be estopped from complaining about her bond because she agreed to a $100,000 bond. The State points to a bond agreement in the record signed by the prosecutor, the judge, defense counsel, and appellant, agreeing that bond be set at $100,000. Our court rejected a similar argument in *Ex parte Gallegos*, No. 14-03-00590-CR; 2003 WL 21940257 (Tex. App.—Houston [14th Dist.] Aug. 14, 2003, no pet.) (not released for publication). We determined that contrary to the State's argument, the record did not reflect that Gallegos requested a lower bond, but that he agreed to that

3

amount as opposed to a much higher bond. *Id.* at *1.

This case is distinguishable from *Gallegos* in that the record reflects appellant and the State filed a motion in which they agreed that the bond would be set at $100,000. Under the doctrine of equitable estoppel, a party may be estopped from asserting a claim that is inconsistent with that party's prior conduct. *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003); *State v. Yount*, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993). In *Yount*, the court held that the appellee, who had been indicted for involuntary manslaughter but who had requested and received a jury charge on the lesser included offense of driving while intoxicated, was estopped from complaining that his conviction of that lesser included offense was barred by limitations. 853 S.W.2d at 9. The court explained that "appellee cannot benefit from the lesser included offense instruction and then attack his conviction of that lesser included offense on limitations grounds." *Id*. Similarly, in *Prystash v. State*, 3 S.W.3d 522, 532 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1102 (2000), the court held that the appellant, who had affirmatively requested that the trial court not submit to the jury one of the special issues statutorily required for capital sentencing, was estopped from arguing on appeal that the trial court had erred by failing to submit the special issue. The court explained that "we will not permit [an] appellant to complain of the trial court's deleting a jury charge as he requested." *Id*.

In this case, appellant entered into an agreed motion with the State requesting that the trial court set bond at $100,000. Having affirmatively requested bond of $100,000, she is estopped from arguing on appeal that the trial court erred in setting bond at $100,000. *See Arroyo*, 117 S.W.3d at 798.

Even if appellant were not estopped from challenging the bond to which she agreed, we hold the trial court did not abuse its discretion in denying appellant's

request for a reduced bond. We review the applicable factors below.

## STANDARD OF REVIEW

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Castillo–Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The amount of bail required in any case is within the discretion of the court subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

In addition to considering the factors in article 17.15, the courts have added seven other factors that can be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other

5

outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50.

### *Nature and Circumstances of the Charged Offense*

When assessing the reasonableness of bail, the Court of Criminal Appeals has instructed that the "primary factors" are the punishment that can be imposed and the nature of the offense. *See Rubac*, 611 S.W.2d at 849. Appellant was indicted for intentionally and knowingly causing serious injury to a child, while on deferred adjudication community supervision for theft. The offense is punishable by imprisonment for five to ninety-nine years or life, and a fine not to exceed $10,000. Tex. Penal Code §§ 12.32 & 22.04. The defendant's potential sentence and the nature of the crime are significant factors for us to consider when assessing the reasonableness of a bail amount. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet ref'd); *see also Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that consideration of nature and circumstances of offense requires us to consider range of punishment in event of conviction). When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because of the seriousness of this offense and the potential lengthy sentence, the trial court could have concluded that appellant has a strong incentive to flee the jurisdiction and a high bail amount is reasonable.

Appellant argues that the State failed to offer evidence regarding the nature of the offense or its circumstances. The record contains the indictment in this case in which appellant is indicted for "intentionally and knowingly caus[ing] SERIOUS BODILY INJURY to [the complainant], . . . , a child younger than

fifteen years of age, by STRIKING THE COMPLAINANT WITH A CORD." Appellant is alleged to have committed this offense while on deferred adjudication community supervision for felony theft. Waters admitted that the complainant was four years old at the time of his death, and that his death resulted from the beating alleged to have been perpetrated by appellant. The trial court found that the circumstances of the offense were "extremely violent." Keeping in mind that it is the defendant's burden to show bail was excessive, we conclude the trial court had sufficient evidence in the record to support a finding that the nature of the offense and its circumstances in addition to the severity of the potential sentence, may give appellant incentive to flee the jurisdiction. *See Rubac*, 611 S.W.2d at 849 (defendant carries the burden of proof to establish that bail is excessive).

### *Bail Sufficient to Assure Appearance but not Oppress*

A trial court should set bail sufficiently high to provide reasonable assurance that the defendant will appear at trial. *Ex parte Tata*, 358 S.W.3d 392, 400 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance she will appear. *Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.). We also consider whether the record reflects that the trial court made its decision regarding the bail amount "for the purpose of forcing [the defendant] to remain incarcerated pending trial." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.) (trial judge stated, "I'd rather see him in jail than to see someone's life taken[.]")). The record here contains no indication that the trial court set the bail amounts for the sole purpose of ensuring that appellant remains incarcerated pending trial. *See Tata*, 358 S.W.3d at 400. On this record, the trial court reasonably could conclude that bail of $100,000 is not higher than

necessary to give reasonable assurance of compliance with the undertaking and that bail is not oppressive.

### *Ability to Make Bail*

To show that she is unable to make bail, a defendant generally must show that her funds and her family's funds have been exhausted. *Castillo-Lorente*, 420 S.W.3d at 889. The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond. Tex. Code Crim. Proc. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). Appellant's evidence with regard to her inability to make bail consisted of Waters's testimony that he could not afford the bond, neither he nor appellant had assets that could be sold, and appellant's family and friends could not lend them enough money to post a $100,000 bond. Appellant presented no documentary evidence of her assets or financial resources. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (finding that bail bondsman's testimony of "largest bond" defendant could make did not carry burden to establish inability to make bail).

Because appellant offered very little evidence supporting her claimed inability to make bail, the trial court could properly have concluded that the amount of bail was reasonable under the circumstances. *See Scott*, 122 S.W.3d at 870 (in affirming trial court's refusal to lower bond, court cited as a factor absence of evidence regarding defendant's ability to make bond when defendant's evidence consisted of his testimony that he and his family lacked sufficient assets or financial resources noting that defendant did not detail either his assets or financial resources nor his efforts to furnish bond).

## *Future Safety of Victim and the Community*

Article 17.15 requires that we also consider "[t]he future safety of a victim of the alleged offenses and the community" in reviewing the trial court's bail determination. Tex. Code Crim. Proc. Ann. art. 17.15(5); *Milner*, 263 S.W.3d at 150. Appellant argues that she is no longer a danger to the victim of the alleged offense because he is deceased. Moreover, appellant argues she is not a danger to the community because as a condition of her bond, appellant is not permitted access to her children or any other children absent supervision. There was no evidence introduced at the habeas hearing that appellant poses a further danger to the community if she is released on bail pending trial. Thus, this factor weighs in favor of a reduction of appellant's bail amount.

## *Other Factors*

There is no evidence of appellant's work record. The application avers that appellant is a lifelong Harris County resident. Waters testified that appellant could live with him if released on bond, but did not testify where his residence is located. Appellant was placed on deferred adjudication for theft, and is alleged to have committed the current offense while on community supervision.

Based on the evidence before the trial court in this case, it reasonably could have concluded the bail it set was justified by the nature of the offense, the potentially lengthy sentence, and the fact that the offense is alleged to have been committed while on community supervision for a felony offense. Given the nature of the charged offense and the aggravating circumstances, the trial court could have reasonably concluded a bond of $100,000 was necessary to deter appellant from fleeing the jurisdiction.

## CONCLUSION

We conclude that appellant is estopped from challenging the bond to which she agreed. Moreover, the trial court did not abuse its discretion in setting appellant's bail in the agreed amount of $100,000 and in concluding that appellant did not demonstrate that bail in this amount is excessive. Accordingly, we overrule appellant's issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).