**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00147-CR**

_____

**EX PARTE DENNIS MUNZY**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 22DC-WR-00431**

**MEMORANDUM OPINION**

Dennis Munzy appeals the denial of his Application for Writ of Habeas Corpus after being charged with failure to comply with Sex Offender Requirement Registration. On appeal, Munzy raises one ground for relief. He challenges the constitutionality of the trial court's decision to deny his bail, arguing the trial court acted without authority to deny bail pursuant to Article 1, Section 11 of the Texas Constitution. Munzy requests that this Court reverse the trial court's denial of his writ and remand this case. In response, the State agrees, stating the trial court abused its discretion and acted without authority under the Texas Constitution to hold

1

Munzy without bail. The State also requests this Court to reverse the trial court's denial of his writ and remand this case.

**Review of the Trial Court's Setting of Bail**

We have jurisdiction over an appeal from a trial court's merit-based denial of habeas proceedings. *See Ex parte Hargett*, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991). We review the denial of an application for writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Kniatt*, 206 S.W.3d at 664; *Klem*, 269 S.W.3d at 718. We afford almost total deference to the trial court's rulings on the application of the law to fact questions when the resolution of those questions turns on an evaluation of credibility and demeanor. *Klem*, 269 S.W.3d at 718. If the trial court's resolution of the ultimate issues turns on an application of legal standards, we review the determination de novo. *Id*.

Similarly, we review a trial court's ruling on the setting of bail under an abuse of discretion standard of review. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (affording a trial court discretion to set bail); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981). The trial court's ruling will not be disturbed if it is within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex.

App.—Eastland 2007, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). The United States and Texas Constitutions prohibit excessive bail. U.S. CONST. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13; *Ex parte Sabur-Smith*, 73 S.W.3d 436, 439 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (The right to reasonable bail is protected by the United States and Texas Constitutions.). The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *See* Tex. Code Crim. Proc. Ann. art. 17.15(a)(1), (2); *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). Bail is excessive if it is "set in an amount greater than [what] is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd) (citing *United States v. Salerno*, 481 U.S. 739, 753-54 (1987)). When setting the amount of bail, the trial court weighs the State's interest in assuring the defendant's appearance at trial against the defendant's presumption of innocence. *Id*. The amount of bail may be deemed oppressive when the trial court sets the bail at an amount "for the express purpose of forcing [a defendant] to remain incarcerated[.]" *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

Viewing the entire record in favor of the trial court's ruling, we hold that the trial court abused its discretion by not setting bail in this case. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. 2013); Tex. Code Crim. Proc. Ann. art. 17.15. Accordingly, we sustain Munzy's sole issue, reverse the trial court's order, and remand the case for immediate further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
JAY WRIGHT
Justice

Submitted on December 6, 2022
Opinion Delivered April 26, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

4