**Affirmed and Opinion filed January 23, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00541-CR
## NO. 14-13-00542-CR

## EX PARTE ALFREDO CASTILLO-LORENTE, Appellant

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 13-DCR-063078 & 13-DCR-063079**

## O P I N I O N

In this appeal of the denial of an application for writ of habeas corpus, we consider whether the trial court abused its discretion in setting appellant's pretrial bail. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant is charged with engaging in organized criminal activity and money laundering in an amount greater than $200,000. Both charges arise out of alleged fraudulent use of identifying information. The trial court originally set bail at $400,000

for the charge of engaging in organized criminal activity and $250,000 for the money laundering charge. Appellant filed an application for writ of habeas corpus requesting the trial court to reduce his bail to a reasonable amount; appellant contended at the hearing that a reasonable amount would be $40,000 on each count. After conducting a hearing, the trial court reduced appellant's bail to $225,000 on each count. Appellant filed this appeal.[1]

Appellant did not testify at the hearing. Gladys Lorente, appellant's cousin, testified as follows:

- Appellant's family and friends have spoken with a bail bondsman and learned they can afford to post a $40,000 bond on each count.
- For approximately two years, appellant was employed making deliveries for a company called Hoyo de Cuba.
- Appellant has been married for more than fourteen years and has no children.
- Appellant has lived in the Houston area for six years; he has maintained employment during those six years, primarily doing odd jobs such as "handyman" or landscaping work.
- Appellant and his wife each own a vehicle.
- Appellant has family members still living in Cuba and recently visited them.
- Appellant has no prior criminal history and is willing to relinquish his passport if he is released on bail.

Antonia Castillo, an employee of a bonding company, testified as follows:

- Appellant could afford to post $30,000 bonds in each count.
- She considered two pieces of real property and a truck as collateral, but did not have specific evidence of the collateral to present at the hearing.

---

[1] Appellant's co-defendant, Fernando Castellanos, was charged with engaging in organized criminal activity, fraudulent use or possession of identifying information, and money laundering. The trial court also reduced the co-defendant's bail to $225,000 in each count. The co-defendant has appealed that decision in cause numbers 14-13-00538-CR, 14-13-00539-CR, and 14-13-00540-CR.

Detective Matthew Cardenas testified as follows:

- He found no work history for appellant through the Texas Work Force Commission.

- Appellant and his co-defendant are accused of purchasing credit card numbers online and using software that re-encodes those card numbers on counterfeit credit cards, essentially creating a "clone" of the victim's credit card. Video surveillance showed appellant and his co-defendant then used the cloned cards to purchase gift cards, clothes, food, and other items.

- A search warrant of appellant's house revealed several gift cards alleged to have been purchased with stolen credit card numbers.

- Investigators located money order transfers from appellant from the United States to Cuba, the Ukraine, Russia, and other countries.

- Other individuals who were involved in the alleged scheme have been arrested or located outside the United States.

### STANDARD OF REVIEW

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U. S. CONST. amend. VIII; *see also Schilb v. Kuebel*, 404 U.S. 357, 365, (1971) (applying Eighth Amendment prohibition of excessive bail to the states). Whether the bail set is excessive is reviewed under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981). A defendant carries the burden of proof to establish that bail is excessive. *Id.* at 849. In reviewing a trial court's ruling for an abuse of discretion, an appellate court will not intercede as long as the trial court's ruling is at least within the zone of reasonable disagreement. *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd).

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

3

2. The power to require bail is not to be used as an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2014).

In addition to considering the factors in article 17.15, the courts have added seven other factors to be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50. The trial court also may consider the fact that the accused is not a United States citizen. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

## ANALYSIS

In two issues appellant contends the trial court abused its discretion in denying habeas relief. He contends the bail, as reduced, is unreasonable, and the trial court should have reduced it further because appellant has strong ties to the community, no criminal record, will appear for trial, and is not a danger to the community. Appellant emphasizes that he has no criminal record and the offenses for which he is charged are non-violent.

### *Nature of the Offenses and Circumstances Under Which They Are Alleged to Have Been Committed*

The indicted offenses are engaging in organized criminal activity and money

laundering more than $200,000. The offenses are punishable by imprisonment for fifteen to ninety-nine years or life. Tex. Penal Code Ann. § 34.02 (money laundering), § 71.02 (engaging in organized criminal activity). The defendant's potential sentence and the nature of the crimes are significant factors for us to consider. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet ref'd). *See also Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that consideration of nature and circumstances of offense requires us to consider range of punishment in event of conviction). When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because of the seriousness of the charged offenses and the lengthy potential sentences, appellant may have a strong incentive to flee the jurisdiction, and a high bail amount is reasonable.

### *Bail Sufficient to Assure Appearance but not Oppress*

The record reflects that appellant and his co-defendant are accused of being the top two individuals in a credit-card-fraud ring that is alleged to have defrauded hundreds of victims. Some members of the ring have been arrested, but others have not. One member of the ring was arrested as he crossed the border from Mexico. Another was arrested in Colombia and is awaiting extradition. Appellants are Cuban nationals and there is evidence they transferred money orders to Cuba, the Ukraine, and Russia. Appellant offered to relinquish his passport, but the evidence at the writ hearing supports a finding that appellant is a significant flight risk based upon his ties to individuals in other countries and access to equipment with which to make counterfeit credit cards. On this record, the trial court reasonably could conclude that bail of $225,000 for each offense is not higher than necessary to give reasonable assurance of compliance with the undertaking and that bail is not oppressive.

### *Accused's Ability to Make Bail*

To show that he is unable to make bail, a defendant generally must establish that his funds and his family's funds have been exhausted. *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond. Tex. Code Crim. Proc. Ann. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). Appellant's evidence with regard to his alleged inability to make bail consisted of Lorente's testimony that appellant's family and friends have spoken with a bail bondsman and learned they can afford to post a $40,000 bond on each count and Castillo's testimony that the bonding company would post a $30,000 bond on each count. Appellant presented no documentary evidence of his assets and financial resources. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that bail bondsman's testimony of "largest bond" defendant could make did not carry burden to establish inability to make bail).

Because appellant has offered very little evidence supporting his claimed inability to make bail, the trial court properly could have concluded that the amount of bail was reasonable under the circumstances. *See Scott*, 122 S.W.3d at 870 (in affirming trial court's refusal to lower bond, court cited as a factor absence of evidence regarding defendant's ability to make bond when defendant's evidence consisted of his testimony that he and his family lacked sufficient assets or financial resources to post the bond, but he did not detail either his or his family's specific assets and financial resources nor his efforts to furnish bond).

### *Future Safety of Victims and the Community*

In support of his argument to lower bail, appellant points out that he is charged with non-violent offenses. Cardenas testified that restrictions on computer use and the Internet would not prevent appellant from continuing to illegally obtain credit card

numbers if he were released on bond. There was no evidence presented concerning any physical threat appellant might pose to victims of the offenses or to the community. But, this court has previously held that those who possess illegal drugs with the intent to deliver in large quantities affect the community in which they live. *See Maldonado v. State*, 999 S.W.2d 91, 96–97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). In this case, as with possession and distribution of large quantities of illegal drugs, it is a matter of common sense that those who produce hundreds of counterfeit credit cards affect the community in which they live. The theft of credit card numbers and impact on the victims cannot be ignored in analyzing the safety of the community relevant to bail determinations.

### *Other Factors*

The evidence is conflicting as to whether appellant maintained employment. He is a Cuban national and the record contains evidence indicating he was involved in money order transfers to Cuba and other foreign countries. The record reflects that appellant is a permanent resident of the United States, but not a citizen. Appellant has no prior criminal history and has lived in the United States for six years. He has a wife and cousin in the Houston area. Research has not revealed precedent from this court or other Texas courts addressing bail for the offenses with which appellant is charged (racketeering and money laundering), but precedent from other jurisdictions shows that for racketeering charges, bail in amounts greater than set in today's case have been found not to be excessive. *See United States v. James*, 674 F.2d 886, 888 (11th Cir. 1982) (determining bail set at $2 million was not excessive in case involving charges under the Racketeer Influenced and Corrupt Organization Act and federal drug charges). Indeed, at least one court denied bail in a racketeering case. *See Constantino v. Warren*, 684 S.E.2d 601, 601-04 (Ga. 2009) (in prosecution for violation of the Racketeering Influenced Corrupt Organizations Act, denial of bail did not violate the Excessive Bail

Clause of the Eighth Amendment).

Based on the evidence before the trial court in this case, the trial judge reasonably could have concluded the bail set was justified by the circumstances presented. The record contains evidence that appellant had engaged in extensive credit card fraud and theft by cloning hundreds of credit cards. Appellant is not a citizen of the United States and has family members in Cuba. Given the nature of the charged offenses and the aggravating circumstances, the trial court reasonably could have concluded a bond of $225,000 for each count was necessary to deter appellant from fleeing the jurisdiction.

## CONCLUSION

Based on our consideration of the above factors and the record evidence, we conclude that the trial court did not abuse its discretion in setting appellant's bail at $225,000 on each count and in concluding that appellant did not demonstrate that bail in this amount is excessive. Accordingly, we overrule appellant's issues and affirm the trial court's order.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Publish — TEX. R. APP. P. 47.2(b).