**Affirmed and Memorandum Opinion filed December 15, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00619-CR
NO. 14-15-00620-CR

### EX PARTE LARRY FLORES

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 1473497 & 1473498**

## M E M O R A N D U M   O P I N I O N

Appellant was charged with the felony offense of possession of a firearm as a felon. Appellant was released on a $100,000 bond; while out on bond, appellant was charged with possession of cocaine. The trial court subsequently set appellant's bond at $200,000 in the weapon case, and $100,000 in the drug case. Appellant filed a petition for writ of habeas corpus in the trial court in which he requested a reduction in bond to $15,000 in the weapon case, and $10,000 in the drug case. After conducting an evidentiary hearing, the trial court denied

appellant's application, and ordered the bonds to remain the same. We affirm.

## BACKGROUND

Appellant is awaiting trial on the offenses of possession of a firearm as a felon and possession of cocaine. Appellant was charged in August 2014, and initially released on bond of $100,000 in the weapon case. On January 16, 2015, appellant's bond was revoked for failure to appear. On January 20, 2015, appellant's bond was reinstated, and appellant was released on $100,000 bond. While out on bond, appellant was arrested on January 29, 2015 for possession of cocaine alleged to have occurred on January 27, 2015. Appellant was initially held on no bond, but the trial court subsequently set appellant's bond at $200,000 in the weapon case and $100,000 in the drug case.

Appellant filed an application for writ of habeas corpus seeking to reduce the total amount of bond to $25,000. In his application, appellant argued the $300,000 bond amount is "unreasonable and oppressive."

At the hearing, appellant's sister Angela Castillo testified that appellant's parents are deceased, but he has three brothers and a sister. Appellant is a citizen, but does not have a passport. If appellant were released on bond, he would stay with Castillo and her family. Castillo testified that to the best of her knowledge appellant does not own any real property. She further testified that the combined resources of their family would not be enough to make a $300,000 bond. Appellant presented a letter from his former employer stating that appellant could go back to work if he were released on bond.

At the conclusion of the hearing, the trial court denied appellant's application for writ of habeas corpus and ordered that the bond amounts remain $200,000 on the weapon charge and $100,000 on the drug charge. Appellant

appeals the trial court's denial of his application for writ of habeas corpus.

## ANALYSIS

In three issues, appellant contends the trial court abused its discretion in denying habeas relief. Appellant contends the bond is unreasonable and the trial court should have reduced it because appellant cannot meet the bond amount, and the State failed to present any evidence regarding appellant's danger to the community or circumstances surrounding the offense.

## STANDARD OF REVIEW

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Castillo–Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The amount of bail required in any case is within the discretion of the court subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

In addition to considering the factors in article 17.15, the courts have added seven other factors that can be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50.

### *Nature and Circumstances of the Charged Offense*

When assessing the reasonableness of bail, the Court of Criminal Appeals has instructed that the "primary factors" are the punishment that can be imposed and the nature of the offense. *See Rubac*, 611 S.W.2d at 849. Appellant was indicted for possession of a firearm as a felon. While out on bond for that offense, appellant was charged with possession of a controlled substance. The indictment on the weapon charge alleges two prior felony convictions, with one committed after the other became final. Therefore, the weapon offense is punishable by imprisonment for 25 to 99 years or life, and a fine not to exceed $10,000. Tex. Penal Code §§ 12.42(d) (West Supp. 2015) & 46.04. (West 2011).

The defendant's potential sentence and the nature of the crime are significant factors for us to consider when assessing the reasonableness of a bail amount. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet ref'd); *see also Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that consideration of nature and circumstances of offense requires us to consider range of punishment in event of conviction). When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's

presence at trial. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because of the seriousness of this offense and the potential lengthy sentence, the trial court could have concluded that appellant has a strong incentive to flee the jurisdiction and a high bond amount is reasonable.

Keeping in mind that it is the defendant's burden to show bail was excessive, we conclude the trial court had sufficient evidence in the record to support a finding that the nature of the offense and its circumstances in addition to the severity of the potential sentence, may give appellant incentive to flee the jurisdiction. *See Rubac*, 611 S.W.2d at 849 (defendant carries the burden of proof to establish that bail is excessive).

### Bail Sufficient to Assure Appearance but not Oppress

A trial court should set bail sufficiently high to provide reasonable assurance that the defendant will appear at trial. *Ex parte Tata*, 358 S.W.3d 392, 400 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance he will appear. *Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.). We also consider whether the record reflects that the trial court made its decision regarding the bond amount "for the purpose of forcing [the defendant] to remain incarcerated pending trial." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.) (trial judge stated, "I'd rather see him in jail than to see someone's life taken[.]")).

The record here contains no indication that the trial court set the bond amounts for the sole purpose of ensuring that appellant remains incarcerated pending trial. *See Tata*, 358 S.W.3d at 400. Appellant's first $100,000 bond was revoked when he failed to appear for a hearing in court. He was released on

another $100,000 bond, which was revoked because he committed a further offense. On this record, the trial court reasonably could conclude that bond of $300,000 is not higher than necessary to give reasonable assurance of compliance with the undertaking and that bail is not oppressive.

### *Ability to Make Bail*

To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted. *Castillo-Lorente*, 420 S.W.3d at 889. The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond. Tex. Code Crim. Proc. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.).

Appellant's evidence with regard to his inability to make bond consisted of Castillo's testimony that appellant owned no real property and that if the family combined their resources they could not afford a $300,000 bond. Appellant requested a $25,000 bond, but failed to explain how he was able to afford two previous bonds of $100,000. Appellant presented no documentary evidence of his assets or financial resources. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (finding that bail bondsman's testimony of "largest bond" defendant could make did not carry burden to establish inability to make bond).

Because appellant offered very little evidence supporting his claimed inability to make bond, the trial court could properly have concluded that the amount of the bond was reasonable under the circumstances. *See Scott*, 122 S.W.3d at 870 (in affirming trial court's refusal to lower bond, court cited as a factor absence of evidence regarding defendant's ability to make bond when defendant's evidence consisted of his testimony that he and his family lacked

6

sufficient assets or financial resources noting that defendant did not detail either his assets or financial resources nor his efforts to furnish bond).

### *Future Safety of Victim and the Community*

Article 17.15 requires that we also consider "[t]he future safety of a victim of the alleged offenses and the community" in reviewing the trial court's bail determination. Tex. Code Crim. Proc. Ann. art. 17.15(5); *Milner*, 263 S.W.3d at 150. The trial court may have considered that appellant continued to commit crimes while on bond and was therefore a continuing danger to the public. In addition, appellant's possession of a weapon after previous felony convictions weighs against reduction of his bonds. The trial court may have concluded within its discretion that the number of prior offenses and the allegation that appellant possessed a weapon warranted a bond sufficient to ensure the safety of the community as a whole. *See Ex parte Chavfull*, 945 S.W.2d 183, 187 (Tex. App.— San Antonio 1997, no pet.) (considering defendant's potential danger to the community as a factor in denying reduction of bond).

### *Other Factors*

Based on the evidence before the trial court in this case, the trial court reasonably could have concluded the bond it set was justified by the nature of the offense, the potentially lengthy sentence, and the fact that appellant is alleged to have committed a second offense while out on bond for the weapon case. Given the nature of the charged offense and the aggravating circumstances, the trial court could have reasonably concluded a total bond of $300,000 was necessary to deter appellant from fleeing the jurisdiction.

### CONCLUSION

We conclude that the trial court did not abuse its discretion in setting

7

appellant's bond in the total amount of $300,000 and in concluding that appellant did not demonstrate that bond in this amount is excessive. Accordingly, we overrule appellant's issues and affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).