**Affirmed and Memorandum Opinion filed August 11, 2016.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-16-00091-CR**
**NO. 14-16-00092-CR**
**NO. 14-16-00093-CR**

**EX PARTE SHAWN MICHAEL DONALDSON, Appellant**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CR2406, 12CR1180, & 14CR3130**

## M E M O R A N D U M   O P I N I O N

Appellant Shawn Michael Donaldson appeals the denial of his pretrial writ of habeas corpus in which he alleged his bail is excessively high. In a single issue appellant argues bail of $270,000 for three offenses is excessive in violation of article 17.15 of the Texas Code of Criminal Procedure, the Eighth Amendment to the United States Constitution, and Article I, section 13 of the Texas Constitution. We affirm.

BACKGROUND

In 2012, appellant entered pleas of guilty to aggregate felony criminal mischief and enticing a child with intent to commit a felony. Pursuant to a plea bargain agreement with the State, the trial court deferred adjudication of appellant's guilt and placed him on five years' deferred adjudication probation. As a condition of probation, appellant was required, among other conditions, to refrain from committing another criminal offense.

While serving deferred adjudication probation, on December 16, 2014, appellant was indicted for sexual assault of a child alleged to have occurred on October 15, 2014. On December 22, 2014, the State filed a motion to adjudicate appellant's guilt in the two prior offenses. The trial court set appellant's bail at $250,000 in the sexual assault case plus $10,000 each in the two prior felony cases. Appellant filed an application for pretrial writ of habeas corpus in which he alleged the bail amount was excessive.

At the hearing on the writ of habeas corpus, appellant's mother Amy Donaldson was the only witness. She testified that she could afford total bail of $24,000 for all three offenses. She did not get a quote on what a bondsman would charge for the current total bail of $270,000. Donaldson testified that appellant's father is their only source of income. Donaldson and appellant's father would be responsible for assuring appellant's appearance in court if he were released on bail. Appellant's father arranged employment for appellant at a union hall in Galveston if appellant is released. During Donaldson's testimony, the prosecutor and Donaldson mistakenly informed the court that the complainant in the pending sexual assault case was the same person as the complainant in the previous enticing a child case. According to both briefs on appeal, the complainant in the pending sexual assault is different than the complainant in the previous case. No evidence

2

other than appellant's mother's testimony was admitted at the hearing.

At the conclusion of the hearing the trial court denied appellant's application for writ of habeas corpus and ordered that the bail remain at a total of $270,000. In a single issue on appeal appellant argues this bail amount is excessive.

## STANDARD OF REVIEW

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Castillo–Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The amount of bail required in any case is within the discretion of the court subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

In addition to considering the factors in article 17.15, the courts have added seven other factors that can be weighed in determining the amount of bail: (1) the

3

accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bail conditions; (6) the existence of other outstanding bail, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50.

In a habeas case, the applicant, appellant here, bears the burden of proving facts that would entitle him to relief and ensuring that a sufficient record is presented to show error requiring reversal. *See Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). The burden of proof is on an applicant who claims bail is excessive, *see Rubac*, 611 S.W.2d at 849; *Milner v. State*, 263 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2006, no pet.), and we will not reduce the trial court's bail amount unless the applicant has satisfied this burden. *See Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981) (reducing bail amount after reviewing court was "completely satisfied that petitioner discharged her burden of showing her entitlement" to bail reduction); *Ex parte Welch*, 729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.) (refusing to reduce bail amount when reviewing court found, after considering "all of the evidence and factors relevant to determining the amount of bond," that "applicant has failed to satisfy his burden of showing that the trial court abused its discretion in refusing to lower applicant's bond"). We proceed to review the evidence presented at the habeas hearing in light of the above considerations.

### *Nature and Circumstances of the Charged Offense*

When assessing the reasonableness of bail, the Court of Criminal Appeals has instructed that the "primary factors" are the punishment that can be imposed and the nature of the offense. *See Rubac*, 611 S.W.2d at 849. Appellant is under indictment for sexual assault of a child. He is alleged to have committed this

offense while on deferred adjudication probation for two prior felony offenses. The sexual assault case is punishable by imprisonment for two to twenty years. Tex. Penal Code Ann. §§ 12.33 & 22.011. The enticing a child offense is a third-degree felony punishable by imprisonment for two to ten years. Tex. Penal Code Ann. §§ 12.34 & 25.04. The felony criminal mischief offense is a state jail felony punishable by imprisonment for 180 days to two years in a state jail facility. Tex. Penal Code Ann. §§ 12.35 & 28.03.

When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because of the seriousness of this offense and the potential lengthy sentence, the trial court could have concluded that appellant has a strong incentive to flee the jurisdiction and a high bail is reasonable.

The bail in this case is comparable to, or lower than, bail approved in similar cases involving sex offenses committed against children. *See, e.g., Clemons v. State*, 220 S.W.3d 176, 179 (Tex. App.—Eastland 2007, no pet.) (per curiam) (approving total bail set at $600,000 in case involving two indictments for aggravated sexual assault of child and two indictments for indecency with child); *Ex parte Hammond*, No. 10-15-00424-CR; 2016 WL 454971 (Tex. App.—Waco Feb. 4, 2016, no pet.) (not designated for publication) (approving $1,000,000 bail for defendant charged with two counts of sexual assault of a child and indecency with a child); *Ex parte Ochoa*, Nos. 01–04–00238–CR, 01–04–00239–CR & 01–04–00240–CR, 2004 WL 1470999 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. ref'd) (mem. op., not designated for publication) (approving bail set at total of $300,000 for three cases involving offense of indecency with a child).

5

Keeping in mind that it is the defendant's burden to show bail was excessive, we conclude the trial court had sufficient evidence in the record to support a finding that the nature of the offense and its circumstances in addition to the severity of the potential sentence, may give appellant incentive to flee the jurisdiction. *See Rubac*, 611 S.W.2d at 849 (defendant carries the burden of proof to establish that bail is excessive).

### *Bail Sufficient to Assure Appearance but not Oppress*

A trial court should set bail sufficiently high to provide reasonable assurance that the defendant will appear at trial. *Ex parte Tata*, 358 S.W.3d 392, 400 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance he will appear. *Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.). We also consider whether the record reflects that the trial court made its decision regarding the bail amount "for the purpose of forcing [the defendant] to remain incarcerated pending trial." *Milner*, 263 S.W.3d at 149 (citing *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.) (trial judge stated, "I'd rather see him in jail than to see someone's life taken[.]")).

The record here contains no indication that the trial court set the bail for the sole purpose of ensuring that appellant remains incarcerated pending trial. *See Tata*, 358 S.W.3d at 400. Donaldson testified that appellant lived with her prior to his arrest and she would ensure his appearance in court. On cross-examination Donaldson admitted appellant was living with her while on probation at the time he is alleged to have committed sexual assault of a child. On this record, the trial court reasonably could conclude that appellant's mother may not be able to assure his appearance, and that bail of $270,000 is not higher than necessary to give reasonable assurance of compliance with the undertaking and that bail is not

6

oppressive.

### *Ability to Make Bail*

To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted. *Castillo-Lorente*, 420 S.W.3d at 889. The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail. Tex. Code Crim. Proc. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.).

Appellant's evidence with regard to his inability to make bail consisted solely of his mother's testimony that she could only afford $24,000 in bail. Appellant presented no documentary evidence of his assets or financial resources. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (finding that bail bondsman's testimony of "largest bond" defendant could make did not carry burden to establish inability to make bond). On his affidavit of indigence appellant averred that his father pays his bills. Appellant's mother testified that appellant's father is appellant's sole source of income. There was no evidence as to the father's income, assets, or his ability to make the posted bail.

Because appellant offered very little evidence supporting his claimed inability to make bail, the trial court could properly have concluded that the amount of bail was reasonable under the circumstances. *See Scott*, 122 S.W.3d at 870 (in affirming trial court's refusal to lower bail, court cited as a factor absence of evidence regarding defendant's ability to make bail when defendant's evidence consisted of his testimony that he and his family lacked sufficient assets or financial resources noting that defendant did not detail either his assets or financial

resources nor his efforts to furnish bail).

### *Future Safety of Victim and the Community*

Article 17.15 requires that we also consider "[t]he future safety of a victim of the alleged offenses and the community" in reviewing the trial court's bail determination. Tex. Code Crim. Proc. Ann. art. 17.15(5); *Milner*, 263 S.W.3d at 150. The trial court may have considered that appellant continued to commit crimes while on probation and was therefore a continuing danger to the public. The trial court may have concluded within its discretion that the prior offenses and the allegation that appellant committed sexual assault of a child warranted bail sufficient to ensure the safety of the community and the complainant. *See Ex parte Chavfull*, 945 S.W.2d 183, 187 (Tex. App.—San Antonio 1997, no pet.) (considering defendant's potential danger to the community as a factor in denying reduction of bond).

### *Other Factors*

Appellant argues that he complied with previous bail conditions on the two prior felonies. He also argues that his mother will ensure his appearance in court. However, appellant is accused of violating his probation by committing sexual assault of a child. According to Donaldson, appellant was living in her home at the time he violated his probation. More is at stake with regard to this offense than the two prior offenses. Appellant faces potential revocation of his probation and prison time.

No evidence was presented of appellant's work history, but his mother testified appellant's father had obtained employment in Galveston if appellant were released. Appellant's criminal history is not a factor weighing in appellant's favor in that he is alleged to have committed sexual assault while on deferred

adjudication probation for two prior felony offenses. This court, in a Harris County case, has considered the Harris County District Court Bail Schedule as a factor in reviewing the amount of bail for various offenses. *See Ex parte Melartin*, 464 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The Harris County District Court Bail Schedule is not binding on district courts outside Harris County, nor on district courts in Harris County. However, it is some indication of the propriety of bail for various types of offenses, just as case law arising from other counties is. The standard bail in the Harris County District Court Bail Schedule for any offense alleged to have been committed while a person is on felony probation for any grade of felony is "no bond." For a motion to adjudicate guilt, the standard bail is listed as "At the Judge's Discretion."

Based on the evidence before the trial court in this case, the trial court reasonably could have concluded the bail it set was justified by the nature of the offense, the potential sentence, and the fact that appellant is alleged to have committed an offense while on deferred adjudication probation for two previous felony offenses.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in setting appellant's bail in the total amount of $270,000 and in concluding that appellant did not demonstrate that bail in this amount is excessive. Accordingly, we overrule appellant's issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).