

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00249-CR

EX PARTE JERMAINE GILBERT, APPELLANT

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2020-2387-2, Honorable Matt Johnson, Presiding

March 31, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jermaine Gilbert, appeals the trial court's denial of his application for writ of habeas corpus that sought a reduction in appellant's bond amount. We affirm the order of the trial court.

Appellant is charged with the offense of retaliation. He originally bonded out on the case but, after missing a court date, the trial court increased his bond to $250,000. After failing to post bond and being detained in the McLennan County Jail awaiting trial,

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

appellant filed his application for writ of habeas corpus. No evidence was attached to appellant's application. The record does not include a response filed by the State. At the hearing on the application, appellant presented arguments in support of his application but did not present any evidence. At the close of the hearing, the trial court denied appellant's application. Appellant timely appealed this denial. By this appeal, he contends that the trial court erred by refusing to lower appellant's bond.

The appellate court reviews a challenge to the excessiveness of bond for an abuse of discretion. *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981)). If the trial court's decision lies within the zone of reasonable disagreement, the reviewing court should not disturb the decision. *Ex parte Castillo-Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.) The burden is on the applicant to prove the excessiveness of the bond, *Ex parte Rubac*, 611 S.W.2d at 849, and his inability to post bond in the amount set, *Ex parte Tata*, 358 S.W.3d 392, 400 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

A habeas applicant must ensure that a sufficient record is presented on appeal to show that the trial court abused its discretion in denying the application. *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005); *Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

In the present case, appellant did not offer any evidence to support his claim for relief. He did not append evidence to his application or offer any evidence at the hearing on his application. Consequently, appellant did not discharge his burden to prove that

2

the bond set by the trial court was excessive or that he was unable to pay the bond that was set. As such, we cannot conclude that the trial court abused its discretion in denying appellant's application for habeas corpus relief.

We overrule appellant's sole issue and affirm the trial court's order denying appellant's application for writ of habeas corpus.

Judy C. Parker
Justice

Do not publish.