**Opinion issued January 20, 2022.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00509-CR

———————————

## EX PARTE WILLIAM SOLOMON LEWIS, Appellant

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1733113**

---

## MEMORANDUM OPINION

William Solomon Lewis contends that the trial court abused its discretion by

reducing his bail insufficiently. We affirm the trial court's order.

## I. Background

Lewis was arrested and charged with tampering with a witness. *See* TEX.

PENAL CODE § 36.05(d). The trial court set Lewis's bail at $45,000. Lewis applied

for a writ of habeas corpus to reduce his bail from $45,000 to $5,000. The trial court granted partial relief by reducing Lewis's bail to $35,000. Lewis appeals, contending that the lowered amount violates the constitutional prohibitions against excessive bail. *See* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. I, §§ 11, 13.

## II. Standard of Review

We review a claim of excessive bail by the trial court for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981). To determine whether a trial court abused its discretion, we decide whether the trial court acted "without reference to any guiding rules or principles." *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). Under this standard, we will not reverse the trial court's decision if it is "within the zone of reasonable disagreement." *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## III. Applicable Law

"The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged." *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). Courts should set bail high enough to give reasonable assurance that the defendant will appear at trial but not so high that it becomes an instrument of oppression. TEX. CODE CRIM. PROC. art. 17.15; *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The defendant's right to

be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 11.

The defendant bears the burden of showing that the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d at 849. The determination of the proper bail amount is within the trial court's discretion. *Brown v. State*, 11 S.W.3d 501, 502 (Tex. App.—Houston [14th Dist.] 2000, no pet). But that determination is subject to these rules:

1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.    The power to require bail is not to be so used as to make it an instrument of oppression.

3.    The nature of the offense and the circumstances under which it was committed are to be considered.

4.    The ability to make bail is to be regarded, and proof may be taken upon this point.

5.    The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. art. 17.15. Courts may also consider (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) other outstanding bonds; and (7) aggravating factors involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50.

## IV. Analysis

Lewis argues that the bail amount of $35,000 is unconstitutionally excessive. Lewis did not offer evidence on bail. Nor is there any record of what was said at the hearing about Lewis's application. We must review the trial court's ruling against the relevant criteria used to rule. *See Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We review the factors listed above to determine whether the bail amount set is excessive.

### 1.      Sufficient Bail to Assure Appearance

First, the trial court must set a sufficient bond to secure the defendant's appearance at trial of the offense charged. TEX. CODE CRIM. PROC. art. 17.15; *Ex parte Rodriguez*, 595 S.W.2d at 550. Lewis's work history and ties to the community bear on the amount of bail that will suffice to ensure that Lewis will appear for trial. *See Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.). A defendant's compliance with past bonds also is relevant in determining the bail required to assure appearance at trial. *Id.*

Here, the evidence is thin and the *Rubac* factors provide Lewis little support. There is no evidence of his work history. The record's only mention of any sort of ties to the community is the address listed for Lewis in his indictment. But there is no evidence to show Lewis's length of residency. As for compliance with other bonds, the only mention of bond conditions is in his application for writ of habeas

corpus. Lewis contends that the State misled the trial court when it stated he had failed to appear in a prior felony case. With no more than an address on an indictment and a denial of a prior bond violation, this factor weighs against finding that the trial court abused its discretion in setting a sufficient bond.

### 2. Using Bail as an Instrument of Oppression

Second, courts are required to ensure that bail is not being used oppressively. TEX. CODE CRIM. PROC. art. 17.15; *Ex parte Durst*, 148 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 2004, no pet.). When bail is solely set to prevent a defendant from getting out of jail it is being used as an instrument of oppression. *See Ex parte Durst*, 148 S.W.3d at 499. We consider whether Lewis has shown that the trial court's decision was made solely to prevent him from getting out of jail. *See Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, there is no evidence in the record that the trial court set Lewis's bail amount solely to prevent Lewis's release pending trial. *See Ex parte Dupuy*, 498 S.W.3d at 233. In fact, the trial court reduced Lewis's bond amount. *See id.* Thus, the lack of evidence on the motivation for setting bail weighs against a determination that the amount was excessive. *See Montalvo*, 315 S.W.3d at 596.

### 3. Nature of the Offense and the Circumstances of its Commission

Third, the trial court considers the nature and circumstances of the offense. *See* TEX. CODE CRIM PROC. art. 17.15. Lewis was charged with tampering with a

5

witness, a third-degree felony. TEX. PEN. CODE § 36.05(d). The indictment alleges he wrote a letter to a complainant in another criminal case stating, "You must <u>not</u> show up! . . . Do <u>Not</u> contact the District attorney or the court to inform them about this letter's content . . . If you insist on showing up I could be well into my mid-to late 50's before I ever see the streets again."

Additionally, when we consider the nature and circumstances of the offense we must note the punishment range upon conviction. *See Ex parte Rodriguez*, 595 S.W.2d at 550. The normal range of punishment for a third-degree felony is two to ten years' confinement and a maximum fine of $10,000. TEX. PEN. CODE § 12.34. Lewis's indictment contains enhancement paragraphs alleging prior felony convictions for possession of an unregistered firearm and for retaliation. If proven, these enhancements raise the punishment to a minimum of 25 years to 99 years or life imprisonment. TEX. PEN. CODE § 12.42(d). When a defendant is facing a potentially lengthy sentence he might not appear for trial, so bond must be set sufficiently high to secure his presence. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Considering the nature of the offense and the potential range of punishment, this factor supports a conclusion that the trial court acted reasonably. *See Ex parte Rubac*, 611 S.W.2d at 849.

### 4. Ability to Make Bail

Fourth, courts must consider a defendant's ability to make bail. TEX. CODE CRIM PROC. art. 17.15. To establish an inability to make bail, a defendant generally must prove that their personal and family funds have been exhausted. *See Milner v. State*, 263 S.W.3d at 149. The defendant's ability to make bail is only one factor that must be considered when determining the appropriate bail amount. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980) (the defendant's inability to make bail does not automatically make it excessive); *Ex parte Castillo–Lorente*, 420 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same).

Lewis contends that he "has only minimal financial resources" but that he could access funds to have a bondsman post a $5,000 bond. But that statement, standing alone, is not evidence about his financial resources or any efforts he has made to make bail. *See Ex parte Castillo–Lorente*, 420 S.W.3d at 889. Besides, evidence of the largest bond the defendant can make does not establish inability to make bail. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.). And so, with no evidence to the contrary, the trial court could have concluded that the bail set was reasonable.

### 5. Safety of the Community

Fifth, the trial court had to consider the future safety of the community when it set Lewis's bail. TEX. CODE CRIM PROC. art. 17.15. As mentioned above, the

indictment included Lewis's statement urging a complainant to not speak to the District Attorney or the court. It also identified previous felony convictions for possession of an unregistered firearm and retaliation. With that in mind, the trial court could have reasonably could found that Lewis was at least a danger to the person he tried to coerce. *See Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.) (considering the future safety of the victim).

### 6. Other Factors

Courts also consider the seven *Rubac* factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's compliance with previous bond conditions; (6) other outstanding bonds; and (7) aggravating factors in the charged offense. *See Ex parte Rubac*, 611 S.W.2d at 849–50. We have already considered the first three factors and the fifth factor when we analyzed whether there was sufficient bail to assure Lewis's appearance. We now turn to the remaining three factors, the defendant's prior criminal record, other outstanding bonds, and aggravating factors in the charged offense.

As for Lewis's prior criminal record, there is no evidence about it besides the prior two felony convictions mentioned in his indictment. There is also no evidence about any outstanding bonds or aggravating factors involved in this offense. As a result, based on the evidence before the trial court in this case, the court could have

reasonably concluded that only reducing Lewis's bail to $35,000 was appropriate. Lewis has not shown that the trial court abused its discretion by reducing his bond to $35,000. Thus, we overrule his sole issue.

## V. Conclusion

We affirm the trial court's order.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).