**Affirmed and Memorandum Opinion filed November 30, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00483-CR

## EX PARTE JAMES MICHAEL REEDER, Appellant

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1823558**

## MEMORANDUM OPINION

Appellant, James Michael Reeder, challenges the trial court's order denying his application for writ of habeas corpus seeking a reduction of bail in a charge against him for aggravated sexual assault of a child under the age of seventeen. Holding that the trial court did not abuse its discretion, we affirm.

## Background

Appellant is alleged to have drugged and sexually assaulted a sixteen-year-old girl. At the habeas hearing, the trial court heard from both the State and the Defense. Appellant denies the allegations pointing to alleged inconsistencies in the

Appellee's evidence.

The trial court held a hearing on appellant's pretrial application for writ of habeas corpus to reduce his $150,000 bond. Appellant presented no witnesses at the habeas hearing. Appellant submitted an affidavit in support of appellant's pretrial application for a writ of habeas corpus to reduce his bond.

### *Appellant's Affidavit*

Appellant states that he does not own property, jewelry, vehicles, or other assets which could be used towards posting bond. Appellant states that his financial situation has not substantially changed since February 6, 2020, when Appellant was found indigent. Furthermore, Appellant states that he has spoken with XIT Bonding and a $75,000 bond could be posted.

## Analysis

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Castillo–Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

1. The bail and any conditions of bail shall be sufficient to give reasonable assurance of compliance with the undertaking.
2. The power to require bail is not to be so used as an instrument of oppression.
3. The nature of the offense and the circumstances under which it

was committed are to be considered, including whether the offense:

> (A) is an offense involving violence as defined by Article 17.03(b-3)(2); or

> (B) involves violence directed against a peace officer.

4. The ability to make bail shall be considered, and proof may be taken on this point.

5. The future safety of a victim of the alleged offense, law enforcement, and the community shall be considered.

6. The criminal history record information for the defendant, including information obtained through the statewide telecommunications system maintained by the Department of Public Safety and through the public safety report system developed under Article 17.021, shall be considered, including any acts of family violence, other pending criminal charges, and any instances in which the defendant failed to appear in court following released on bail

7. The citizenship status of the defendant shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.

In addition to these rules, case law provides that courts may consider the following set of factors: (l) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; (7) the aggravating circumstances alleged to have been involved in the charged offense; and (8) whether the defendant is a citizen of the United States. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Rodriguez*, 595 S.W.2d 549, 550 n. 2 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Melartin*, 464 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

**1. Nature and circumstances of alleged offense**

When determining reasonable bail, a trial court shall give the most weight to the nature of the offense and the length of possible sentence. *See Rubac*, 611 S.W.2d at 849; *Ex parte Nimnicht*, 467 S.W.3d 64, 67 (Tex. App.—San Antonio 2015, no pet.). It is appropriate to consider whether the offense alleged to have been committed involved violence in setting the amount of bail. *Nimnicht*, 467 S.W.3d at 67.

Appellant is charged with aggravated sexual assault of a child, a violent crime that carries a long sentence. *See* Tex. Code Crim. Proc. Ann. art. 17.03(b-3)(2)(A) (defining aggravates sexual assault as an offense involving violence). The aggravated sexual assault charge, a first-degree felony, carries a punishment range of 5 to 99 years or life in prison. *See* Tex. Penal Code Ann. § 22.021(e). If the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, then bail must be set sufficiently high to secure the defendant's presence at trial. *Ex parte Castillo-Lorente*, 420 S.W.3d 884, 888 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A defendant is entitled to the presumption of innocence on all charges. *Ex parte Melartin*, 464 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When setting the amount of bail, the trial court must strike a balance between this presumption and the State's interest in ensuring the defendant will appear for trial. *Id.* The serious and violent nature of an aggravated sexual assault of a child charge and the potential sentence appellant faces related to the charge weigh against a determination that the bail amount set by the trial court was excessive.

## 2. Sufficiently high to assure appearance but not oppress

Bail needs to be in an amount sufficient to give reasonable assurance that the defendant will appear. When bail is set so high that a person cannot realistically pay it, however, the trial court essentially "displaces the presumption of innocence

4

and replaces it with a guaranteed trial appearance." *Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Bail may not be used as an instrument of oppression. *See Ex parte Guerra*, 383 S.W.3d 229, 233–34 (Tex. App.—San Antonio 2021, no pet.). Bail set in a particular amount becomes oppressive when it assumes that the defendant cannot afford bail in that amount and when it is set for the express purpose of forcing the defendant to remain incarcerated. *See Ex parte Durst*, 148 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (where bail amount set "solely to prevent [defendant] from getting out of jail," . . . "bail [was] being used as an instrument of oppression").

Appellant cites cases where bond was deemed excessive. However, in two of the cases cited by appellant are over 20 years old, thus they "are too old to provide useful dollar-to-dollar comparisons due to the changing value of money."[1] *Ex Parte Dupuy*, 498 S.W.3d 220, 233 (Tex. App.—Houston [14th Dist.] 2016, no pet). More recent cases instruct that a $150,000 bond for aggravated assault with a child is not patently excessive or oppressive. *See Clemons v. State*, 220 S.W.3d 176, 177 (Tex. App. —Eastland 2007, no pet.) (per curiam) (After a hearing on the habeas corpus petitions, the Court reduced two indecency with a child bail amounts and two aggravated sexual assault with a child bail amounts to $75,000, $75,000, $150,000, and $100,000—respectively—for a total of $400,000). *See Ez Parte Michael Joseph Bennett,* 2007 WL 3037908, at *2, 4 (Tex. App.—Fort Worth Oct.18, 2007, no pet.) (mem. op., not designated for publication) (affirming $200,000 bond for defendant charged with aggravated sexual assault of a child).

There was also no evidence presented at the hearing that defendant presents

---

[1] *See Nguyen v. State*, 881 S.W.2d 141 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (The 1st Court of Appeals sustained three points of error and ordered that appellant's bail be reduced in his aggravated robbery, burglary, and engaging in criminal activity charges); *Compian v. State*, 7 S.W.3d 199 (Tex. App.—Houston [14th Dist.] 1999) (The 14th Court of Appeals held a post-trial appeal bond was excessive).

a flight risk. The only evidence referring to defendant's flight risk is appellant's affidavit. The affidavit simply states that appellant is 61 years old and has lived in the Houston area for the past 59 years.

A $150,000 bond falls within the range of reasonable amounts for an aggravated sexual assault of a child, but under these circumstances where appellant presents no flight risk, this factor is neutral. *Cf. Ex parte Durst*, 148 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (concluding that bail may be set a high amount where the defendant presents a strong flight risk).

### 3. Ability to make bail

To demonstrate inability to make bail, a defendant generally must establish his and his family's funds have been exhausted. *Ex parte Dupuy*, 498 S.W.3d at 234–35. The accused's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *Id.* "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.* (quoting *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd)).

No evidence was presented regarding Defendant's ability to make a bond. The only reference to appellant's ability is in his affidavit, which states that with the help of family members appellant can make a bond in the amount of $75,000. In sum, the evidence was inconclusive as to whether appellant is able to afford the $150,000 bond. Given appellant has the burden to prove the bail is excessive, this factor weighs against him. *See Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.) (affirming trial court's denial of habeas application where there is an absence of evidence on the defendant's ability to make bond).

**4. Future safety of the victims and the community**

The trial court must also consider the future safety of the victim of the alleged offenses and the community in setting appellant's bail amounts. *See* Tex. Code Crim. Proc. Ann. art. 17.15(5). Appellant is alleged to have picked up a sixteen-year-old girl from a CPS home, and subsequently drugged and sexually assaulted her. Further, trial courts have "a mandatory duty" to consider the safety of both the victim and the community when fixing bail. *Ex Parte Kretzer*, No. PD-1279-11, 2012 WL 1882245, at *1 (Tex. Crim. App. May 16, 2012). This factor weighs in favor of the trial court's finding.

**5. *Rubac* Factors**

*Appellant's work record.* Appellant presented no work record.

*Appellant's family and community ties.* As discussed above, appellant's affidavit only states that he has a family and has lived in Harris County for almost his entire life.

*Length of appellant's residency.* Appellant has lived in Harris County for 59 years.

*Appellant's prior criminal record.* The record does reflect appellant's criminal history. It is alleged that appellant was convicted of domestic violence and was sent to the Texas Department of Corrections prior to this alleged offense.

*Appellant's other bonds.* The record did not reflect whether appellant had ever been released on any bonds.

*Aggravating circumstances in the charged offense.* Appellant is alleged to have drugged and sexually assaulted a sixteen-year-old girl that appellant picked up from her CPS home.

## CONCLUSION

Appellant is charged with the violent and serious offense of aggravated sexual assault of a child. Our sister courts have affirmed a $150,000 bond for sexual assault charges. Appellant has failed to meet his burden of demonstrating that he can not afford the bond. On the records and briefs presented to this court, we hold the trial court did not abuse its discretion in denying appellant's application for writ of habeas.

/s/ Meagan Hassan
Justice

Panel consists of Chief Justice Christopher, Justices Bourliot and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b)