**Affirmed and Opinion filed December 31, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00711-CR

---

## EX PARTE DAVID MARK TEMPLE

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1642706**

---

## OPINION

Applicant appeals the judgment in the underlying habeas corpus action. Tex. R. App. P. 33.1. The trial court set bond at $1,000,000 after a jury found applicant guilty but was unable to reach an agreement on punishment. The trial court declared a mistrial as to the punishment phase of trial. Applicant is currently incarcerated awaiting the new punishment phase of trial. On appeal, applicant contends the amount of bond set by the trial court is excessive.

### BACKGROUND

On August 6, 2019, a jury convicted applicant of murdering his pregnant

wife in 1999, a first-degree felony.[1] On August 9, 2019, the jury was unable to reach an agreement on applicant's punishment during their deliberations after the punishment phase of trial. Over applicant's objection, the trial court declared a mistrial as to the punishment phase only. Applicant was taken into custody.

On August 14, 2019, applicant filed an application for writ of habeas corpus requesting that bond be set in the amount of $30,000. On August 30, 2019, the trial court held a hearing on the habeas corpus request. Before either side presented evidence, the trial court stated that it believed applicant was entitled to bond and that it should be set at $1,000,000. The defense presented testimony of five witnesses. The State requested that the court take judicial notice of the State's evidence presented during the trial and did not present additional evidence at the hearing. After listening to testimony and arguments by counsel, the trial court ruled that bond would be set at $1,000,000.

During the hearing, applicant presented the testimony of (1) the bail bondsman who secured applicant's bond pending trial, (2) applicant's brother, and (3) three of applicant's friends.

John Burns, the bail bondsman, testified that applicant's bond pending trial was $30,000. Applicant attended all his pretrial hearings and complied with conditions of his bond. Burns testified his company was willing to post a "reasonable bond" for applicant a second time.

Applicant's brother, Darin Temple, testified that applicant was caring for their elderly parents while he was out on bond pending trial. According to Darin, applicant has been a "massive help" because both of their parents have failing health requiring substantial care. While out on bail pending trial, applicant started a

---

[1] For the history and background of this case see *Ex parte Temple*, No. WR-78,545-02, 2016 WL 6903758, at *1 (Tex. Crim. App. Nov. 23, 2016).

non-profit called Freedom Rising. Darin testified that the maximum he believed his family could raise for applicant's bond would be enough to secure a $50,000 bond. According to Darin, applicant has no assets other than a vehicle, which he estimated to be worth about $12,000.

Bonnie Taylor testified that through her prison outreach ministry, she worked with applicant while he was incarcerated and after he was released and on bond pending trial. She described applicant as "a man of integrity." Taylor explained that applicant drew a small stipend from Freedom Rising. She estimated the stipend to be between seven hundred and eight hundred dollars a month.

Shay Tidwell testified that she has been friends with applicant for twenty years. According to Tidwell, applicant is not a threat to the community. Tidwell would trust her children and her life with applicant. Tidwell opined that applicant is not a flight risk and would abide by any condition of bond imposed upon him.

## ANALYSIS

The State does not argue that the jury's finding of guilt deprives applicant of his right to bail, thus we do not address that issue. We will address only whether the trial court abused its discretion in setting the amount of bail.

## I.    Standard of Review

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Castillo–Lorente*, 420 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

3

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

1.   The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

2.   The power to require bail is not to be so used as an instrument of oppression.

3.   The nature of the offense and the circumstances under which it was committed are to be considered.

4.   The ability to make bail is to be regarded, and proof may be taken upon this point.

5.   The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

In addition to these rules, case law provides that courts may consider the following set of factors: (l) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; (7) the aggravating circumstances alleged to have been involved in the charged offense; and (8) whether the defendant is a citizen of the United States. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 n. 2 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Melartin*, 464 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

## II.   Nature and Circumstances of the Alleged Offense

When assessing the reasonableness of bail, the Court of Criminal Appeals has instructed that the "primary factors" are the punishment that can be imposed and the nature of the offense. *See Rubac*, 611 S.W.2d at 849. In this case, applicant has been found guilty of first-degree murder, which, at maximum, is punishable by a life sentence. *See* Tex. Penal Code §§ 19.02, 12.32(a) (murder in the first degree

4

carries a maximum penalty of life imprisonment). When a lengthy prison sentence is probable, the pretrial bail must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to flee and fail to appear. *Ex parte Hulin*, 31 S.W.3d 754, 760-61 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

This case is procedurally and substantively unique, not only because applicant has already been found guilty, but also because the trial court had the benefit of hearing five weeks of evidence on the circumstances surrounding the offense when the trial court set applicant's bail. This court, however, does not have the benefit of that record because it was not brought fourth on appeal and is not a part of the underlying habeas application. Accordingly, we presume that record supports the trial court's decision in setting applicant's bail.[2]

Furthermore, under the unique circumstances at hand, the likelihood of applicant fleeing is increased because he has already been found guilty of a crime carrying a life-long maximum sentence. Moreover, applicant is not afforded the presumption of innocence which would ordinarily temper a high bond amount. Given the serious nature of the crime of first-degree murder, the jury's finding of guilt, and the potential for a lifetime sentence, the trial court could have properly concluded that the amount of bond was reasonable. *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd).

## III. Ability to Make Bond

When determining the appropriate amount of bond, the trial court may also consider the accused's ability to make bond. Tex. Code Crim. Proc. art. 17.15(4);

---

[2] In making its ruling, the trial court stated, "[i]n considering I was the judge presiding over the five-week trial, to ensure safety to the community and your presence in Court, and considering all the factors for the Court to consider under the law, I set your bond at $1,000,000."

*Hunt*, 138 S.W.3d at 506. At the habeas hearing, applicant's brother testified that the family could raise enough money to secure a $50,000 bond. According to testimony at the bond hearing, applicant's only asset is a $12,000 vehicle and money he may have from the monthly stipend of $800 which he draws from his non-profit. The bail bondsman testified that he could post a reasonable bond for applicant but gave no indication of what amount that might be.

The ability or inability of an accused to make bail does not alone control in determining the amount of bail. *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977). If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in position to determine what his bond should be. *Id*.; *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd). Instead, the ability to make bond must be weighed against the other article 17.15 factors, including the nature and circumstances of the offense and the possible punishment. *See Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Carednas*, 557 S.W.3d 722, 734 (Tex. App.—Corpus Christi-Edinburgh 2018, no pet.). Thus, applicant's seeming inability to post $1,000,000 in bond must be weighed against the fact that applicant has already been found guilty of murdering his pregnant wife and is facing the possibility of life-long incarceration.

## IV. Future Safety of the Victims and the Community

In making its ruling, the trial court stated that the $1,000,000 bond was necessary "to ensure safety to the community." This statement was made in consideration of the underlying facts the trial court heard at the five-week trial on guilt or innocence. While applicant presented evidence that he has developed a non-profit ministry assisting former prisoners integrate into the community, there

was also evidence that upon his release from prison applicant made threats to the community. Moreover, as stated by more than one of the defense witnesses, applicant's ministry requires him to travel across the state, rendering applicant's whereabouts uncertain. It was not outside of the zone of reasonable disagreement for the trial court to conclude a $1,000,000 bond was necessary to protect the community under the circumstances.

## V. Instrument of Oppression

The amount of bail must be high enough to give reasonable assurance that the accused will appear, but the power to require bail should not be used as an instrument of oppression. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980). This occurs when the trial court sets bail at an amount "for the express purpose of forcing applicant to remain incarcerated." *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no writ).

Applicant did not present evidence at the habeas hearing that the trial court set bail in his case for the express purpose of forcing him to remain incarcerated. While a $1,000,000 bond may be high, it is within the range of bail amounts that have been upheld for first-degree felony offenses including murder and capital murder.[3] *See e.g.*, *Ex parte Green*, No. 02-13-00474-CR, 2014 WL 584960, at *5 (Tex. App.—Fort Worth Feb.13, 2014, no pet.) (mem. op., not designated for publication) (affirming $1,000,000 bond for first-degree murder); *Ex parte Gonzalez*, 383 S.W.3d 160, 167 (Tex. App.—San Antonio 2012, pet. ref'd) (affirming $1,500,000 bond for capital murder); *Ex parte Saldana*, Nos. 13-01-360-CR, 13-01-361-CR, 2002 WL 91331, at *6 (Tex. App.—Corpus Christi-

---

[3] The murder of appellant's pregnant wife would be charged as a capital murder under the Penal Code as written today. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (recognizing the 2003 legislative amendment authorizing capital prosecution for the murder of a mother and her fetus).

Edinburgh, Jan. 24, 2002, no pet.) (mem. op., not designated for publication) (affirming $1,000,000 bond for capital murder); *Ex parte Brown*, No. 05-00-00655-CR, 2000 WL 964673, at *2 (Tex. App.—Dallas July 13, 2000, no pet.) (mem. op., not designated for publication) (affirming $1,000,000 bond for capital murder).

## VI.    Other Factors

Applicant presented evidence at the habeas hearing that he was compliant with conditions of two $30,000 bonds during the course of this case. However, applicant was out on bail under materially different circumstances during those time periods. Namely, while applicant was bonded out in the past, he enjoyed the presumption of innocence. Whereas under the current circumstances, applicant has been found guilty of first-degree murder and is awaiting punishment on that charge. Applicant further presented evidence of strong familial and community ties and life-long residency in Harris County. While we do not discount that evidence, it was not an abuse of discretion for the trial court to find that the aggravating circumstances of the offense elicited during the five-week trial outweighed the facts in applicant's favor elicited at the habeas hearing.

## CONCLUSION

Having considered all the pertinent factors and in light of the jury's finding applicant guilty of murder, we hold that the trial court did not act arbitrarily or unreasonably in setting applicant's bond at $1,000,000. Because we are unable to

hold the trial court abused its discretion in setting applicant's bond, we affirm the trial court's judgment setting applicant's bond at $1,000,000.


/s/    Meagan Hassan
       Justice


Panel consists of Justices Zimmerer, Spain, and Hassan

Publish. Tex. R. App. P. 47.2(b).